

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2007

# USA v. Heron

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Heron" (2007). *2007 Decisions.* Paper 686.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/686

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3572

UNITED STATES OF AMERICA

v.

RODGER HERON,
                                    Appellant

Appeal from the District Court of the Virgin Islands,
Division of St. Thomas and St. John
(05-cr-00087)

District Judge: Honorable Curtis V. Gómez

Submitted pursuant to Third Circuit LAR 34.1(a)
December 8, 2006

Before: McKEE and BARRY, and STAPLETON, *Circuit Judges*

(Opinion filed July 27, 2007)

OPINION

McKEE, *Circuit Judge*.

Rodger Heron appeals the sentence that was imposed following his guilty plea to charges of illegally reentering the United States following deportation. For the reasons that follow, we will affirm the judgment of sentence.

**I.**

The Government charged Heron in a three-count indictment with using an altered Jamaican passport to unlawfully reenter the United States in violation of 18 U.S.C. §

1326(a) and (b)(2) and 18 U.S.C. § 1543, and misusing a non-immigrant Visa for entry into the United States in violation of 18 U.S.C. § 1546(a). After plea negotiations failed, Heron entered an open guilty plea to all three counts of the indictment.

Prior to sentencing, Heron filed a motion for: (1) a four-level departure under U.S.S.G. § 5K3.1 to avoid sentencing disparity with defendants sentenced under fast-track programs; (2) a downward departure for cultural assimilation; and (3) an additional point under U.S.S.G. § 3E1.1(b) for extraordinary acceptance of responsibility. The district court denied the motion and sentenced Heron to a term of imprisonment of forty-six months.

Heron concedes that the district court's Guidelines computations were correct. He argues the district court should have exercised its discretion under 18 U.S.C. § 3553(a)(6) to reduce his sentence to mitigate the disparity arising from sentences imposed for illegal reentry in jurisdictions that have fast-track programs. Heron also argues that the district court's failure to adjust his sentence pursuant to U.S.S.G. § 3E1.1 denied him equal protection of the law.

**A.**

Heron's contention that the court should have adjusted his sentence to eliminate sentencing disparity arising from fast-track programs in other jurisdictions can readily be dismissed. We rejected that argument in *United States v. Vargas*, 477 F.3d 94, 99 (3d Cir. 2007). There, we "[held] that a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence

2

unreasonable." Accordingly, the court did not err in refusing to adjust Heron's sentence on that basis.

**B.**

In *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), we established a three-step process for district courts to follow at sentencing: (1) a court must calculate the correct Guidelines sentence; (2) rule on any motions for departure, stating on the record whether the motion was granted and explaining how disposition of any motion affects the calculation; and (3) exercise its discretion by considering the relevant factors set forth under § 3553(a). *Id.* at 247. Heron concedes that the court properly calculated his sentence pursuant to that process here. Nonetheless, Heron argues that the district court should have exercised its discretion under 18 U.S.C. § 3553(a)(6) to further adjust his sentence.

The record here clearly reflects that the district court was fully aware that, although Heron filed a motion that he cast as a request for a downward departure, he was actually requesting a favorable exercise of discretion under § 3553(a). The court refused to exercise its discretion in Heron's favor. The sentencing hearing here incorporated the sentencing hearings in the cases of *United States v. Freddy Morales-Aponte*, and *United States v. Kevin Bryan*. After the court heard arguments in Heron's behalf, the court referred to the prior sentencing proceedings and stated: "[f]or the same reasons, the motion is denied." JA9. This record does not establish that the court was unaware of its sentencing discretion, the proper role of the Guidelines, or the application of 18 U.S.C. §

3

3553(a). The court simply relied upon the explanations it had previously given for denying similar arguments of Bryan and Morales-Aponte, and incorporated that rationale into the record here.

## C.

Heron also argues the district court's refusal to reduce his offense by one additional level under U.S.S.G. § 3E1.1(b) violated his right to equal protection of the law because the Government granted the additional decrease in offense level to others, but refused to do so for Heron. He does not rest this claim of disparate treatment upon any suspect classification such as race. Rather, he seems to be arguing that he is entitled to relief because the Government's sentencing recommendations under U.S.S.G. § 3E1.1(b) are inconsistent.

Pursuant to U.S.S.G. § 3E1.1(b), a defendant's offense level is decreased one additional level for exceptional acceptance of responsibility if, among other things, the Government moves for the adjustment. Despite Heron's claim that the Government did not afford him equal treatment in refusing to move for an additional departure under U.S.S.G. § 3E1.1(b), the transcript of the sentencing hearings of Kevin Bryan and Freddy Morales-Aponte establish that the Government also refused to move for the additional reduction in their cases. In fact, during Bryan's sentencing hearing the court asked the Assistant United States Attorney why the Government was not willing to move for the additional departure for him, and the Government explained its reasoning. JA 33-35. Accordingly, Heron has not established any disparate treatment.

4

## II.

For the foregoing reasons, we will affirm the judgment of sentence.